# Matter of A-C-A-A-, Respondent

*Decided by Attorney General July 26, 2021*

U.S. Department of Justice
Office of the Attorney General

(1) *Matter of A-C-A-A-*, 28 I&N Dec. 84 (A.G. 2020) ("*A-C-A-A- I*"), is vacated in its entirety. Immigration judges and the Board should no longer follow *A-C-A-A- I* in pending or future cases and should conduct proceedings consistent with this opinion and the opinions in *Matter of L-E-A-*, 28 I&N Dec. 304 (A.G. 2021) ("*L-E-A- III*"), and *Matter of A-B-*, 28 I&N Dec. 307 (A.G. 2021) ("*A-B- III*").

(2) The Board's longstanding review practices that *A-C-A-A- I* apparently prohibited, including its case-by-case discretion to rely on immigration court stipulations, are restored.

## BEFORE THE ATTORNEY GENERAL

Pursuant to 8 C.F.R. § 1003.1(h)(1)(i), I direct the Board of Immigration Appeals ("Board") to refer this case to me for my review. With the case thus referred, I hereby vacate *Matter of A-C-A-A-*, 28 I&N Dec. 84 (A.G. 2020) ("*A-C-A-A- I*").

I recently vacated three of my predecessors' decisions addressing asylum claims based on domestic or gang violence because those decisions attempted to answer the same important questions that the Department of Justice and the Department of Homeland Security ("DHS") are considering in an ongoing rulemaking. *See Matter of A-B-*, 28 I&N Dec. 307 (A.G. 2021) ("*A-B- III*") (vacating *Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018) ("*A-B- I*"), and *Matter of A-B-*, 28 I&N Dec. 199 (A.G. 2021) ("*A-B- II*")); *Matter of L-E-A-*, 28 I&N Dec. 304 (A.G. 2021) ("*L-E-A- III*") (vacating *Matter of L-E-A-*, 27 I&N Dec. 581 (A.G. 2019) ("*L-E-A- II*"). The prior decision in this case stated that the respondent's asylum claim is "similar to" the claim in *A-B- I*, and the decision relied on and reaffirmed the analysis and conclusions of the now-vacated decisions in *A-B- I* and *L-E-A- II*. *A-C-A-A- I*, 28 I&N Dec. at 90; *see id.* at 88–94. I therefore have determined that the prior decision in this case should be vacated as well.

The prior decision also merits vacatur because it appears to impose rigid procedural requirements that would undermine the fair and efficient adjudication of asylum claims. The Board's decision in this case did not address some elements of the respondent's asylum claim because DHS had opted not to challenge those elements in its appeal. The prior decision rejected that approach, stating that "DHS's decision not to expressly

challenge a particular element of an asylum claim did not relieve the Board from its need to review the immigration judge's determination as to that element." *A-C-A-A- I*, 28 I&N Dec. at 88. The prior decision also instructed that "the Board must meaningfully review each of th[e] elements" of an asylum claim in every "appeal from a grant of asylum." *Id.* That broad language not only precludes the Board from relying on DHS's decision not to contest particular elements on appeal, but also appears to prohibit "reliance on immigration court level stipulations." *Centro de La Raza v. Exec. Off. for Immigr. Rev.*, No. 21-cv-463, 2021 WL 916804, at \*10 (N.D. Cal. Mar. 10, 2021). In so doing, the prior decision "significantly expands the scope of issues that will need to be briefed on appeals" to the Board. *Id.* at \*27.

By prohibiting the Board from relying on stipulations or on DHS's decision not to contest certain elements on appeal, the prior decision departed from longstanding practice. The regulations governing immigration court proceedings expressly contemplate the use of pre-hearing conferences to "narrow [the] issues" in dispute, including by "obtain[ing] stipulations between the parties." 8 C.F.R. § 1003.21(a). The regulations also direct the "party taking the appeal" from an immigration judge's decision to "specifically identify the findings of fact, the conclusions of law, or both, that are being challenged," indicating that the appellant largely shapes the focus of the appeal. *Id.* § 1003.3(b). Until the prior decision in this case, therefore, the Board had addressed the use of stipulations and the consequences of DHS's decision not to contest specific elements on a case-by-case basis, subject to the guidance of the Executive Office for Immigration Review. *See* Executive Office for Immigration Review, U.S. Department of Justice, *Immigration Court Practice Manual* § 4.18(b)(2), https://www.justice.gov/eoir/eoir-policy-manual/4/18 (last updated Jan. 12, 2021) (encouraging the use of pre-hearing statements "to narrow and reduce the factual and legal issues in advance of an individual calendar hearing"); Executive Office for Immigration Review, U.S. Department of Justice, *BIA Practice Manual* § 4.6(b), https://www.justice.gov/eoir/eoir-policy-manual/iii/4/6 (last updated Dec. 22, 2020) (explaining that briefs before the Board "should not belabor facts or law that are not in dispute").

This traditional approach helps ensure efficient adjudication by focusing the immigration courts' limited resources on the issues that the parties actually contest rather than those on which they agree. The categorical language in the prior decision appears to foreclose this practice. And the prior decision made that important change based primarily on the now-vacated decisions in *A-B- I* and *L-E-A- II* and without seeking further briefing. *See A-C-A-A- I*, 28 I&N Dec. at 88–89. I am therefore vacating the prior decision in its entirety to return these matters to the Board's traditional case-by-case discretion.

Accordingly, I hereby vacate the decision in *A-C-A-A- I* and instruct that immigration judges and the Board should no longer follow *A-C-A-A- I* in pending or future cases. I remand this matter to the Board for further proceedings consistent with this opinion, and with the opinions in *A-B- III* and *L-E-A- III*.